```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
AAMIR AWAN,
                                              MEMORANDUM & ORDER
                    Plaintiff,                12-CV-3767(JS)(ARL)

        - against -

PARAS BALOCH,

                    Defendant.
----------------------------------------X
APPEARANCES
For Plaintiff:     Aamir Awan, pro se
                   20 Ledgewood Drive
                   Smithtown, NY 11787-4020


For Defendant:     No appearances.
```

SEYBERT, District Judge:

Pro se Plaintiff Aamir Awan ("Plaintiff") sued Defendant Paras Baloch, his ex-wife, in a case that arises in part out of Plaintiff's child support obligations. Pending before the Court is Plaintiff's (1) motion for in forma pauperis status (Docket Entry 2); (2) motion for the undersigned to recuse herself (Docket Entry 6); and (3) ex parte motion for a temporary restraining order (Docket Entry 3). The Court has reviewed Plaintiff's in forma pauperis application and finds that he is qualified to pursue this case without prepayment of the filing fee. For the reasons that follow, however, Plaintiff's recusal motion is denied and the Complaint is sua

sponte dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii) and 1915A(b).

BACKGROUND

Plaintiff and Defendant are the parents of an infant daughter. In this action, Plaintiff alleges that a state court-approved child support stipulation hangs over him like a "Sword of Damocles" and violates his constitutional rights. (Compl. ¶ 18; see also Compl. Ex. A.) He seeks (1) an order removing his daughter from Defendant's care; (2) an order vitiating the child support stipulation; and (3) $15 trillion dollars. As to the removal order, Plaintiff is concerned that Defendant (who in 2007 allegedly tried to murder his daughter and committed terrorism against the United States) will again try to harm his daughter or flee with her to Pakistan. (See Docket Entry 5 at 2-3.)

DISCUSSION

As noted, the Court finds that Plaintiff is qualified for in forma pauperis status. His recusal motion and his request for a temporary restraining order are denied, and his Complaint is sua sponte dismissed.

I. Recusal Is Not Warranted

Plaintiff's recusal motion is denied as having no basis in law or fact. "A judge is obligated not to recuse [herself] where grounds for recusal do not exist." United

States v. Int'l Broth. of Teamsters, Chauffeurs, Warehousemen and Helpers of Am., AFL-CIO, 831 F. Supp. 278, 285 (S.D.N.Y. 1993). "[R]ecusal is not warranted for remote, contingent, or speculative reasons." Id. (internal quotation marks omitted). Plaintiff has not alleged any facts questioning the undersigned's impartiality in this matter. See id. at 287 ("Respondents have not shown that my impartiality might reasonably be questioned nor, as I already have stated, have Respondents submitted any facts that would cast doubt on my impartiality. In fact, I am not biased or prejudiced in favor, or against, any party to, or participant in, this action.").

II. Plaintiff's Complaint Must be Dismissed

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i-iii); 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. See id. As the Court explained in dismissing an earlier action brought by Plaintiff:

> An action is "frivolous" when "the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir.1998) (internal quotations and citations omitted). "[A] finding of factual

3

> frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 33, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992).

Awan v. Awan [Awan I], No. 10-CV-0635, 2010 WL 1265820, at *1 (E.D.N.Y. Mar. 26, 2010).

Although it reads Plaintiff's pro se Complaint liberally, the Court cannot let Plaintiff's case proceed. As the U.S. Supreme Court has held, federal courts have no "power to issue divorce, alimony, and child custody" decrees. Ankenbrandt v. Richards, 504 U.S. 689, 703, 112 S. Ct. 2206, 2215, 119 L. Ed. 2d 468 (1992). And, to the extent that Plaintiff seeks money damages from a software project (see Compl. at 4), these allegations are similar to those that the Court found to be the product of delusion or fantasy in Awan I. 2010 WL 1265820, at *2. Accordingly, for these reasons and those set forth in Awan I, Plaintiff's motion for a temporary restraining order is denied and his Complaint is dismissed.

## CONCLUSION

For the foregoing reasons, Plaintiff's in forma pauperis application is GRANTED. His recusal motion (Docket Entry 6) is DENIED, his motion for a temporary restraining order (Docket Entry 3) is DENIED, and his Complaint is sua sponte DISMISSED. The Court certifies pursuant to 28 U.S.C. §

1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962). The Clerk of the Court is directed to mail Plaintiff a copy of this Order and to close this case.

                        SO ORDERED.

                        /s/ JOANNA SEYBERT_____
                        Joanna Seybert, U.S.D.J.

Dated:    July 31, 2012
        Central Islip, New York